UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHANMUGAM BALASUBRAMANIAM,<br><br>               Plaintiff,<br><br>   v.<br><br>SOURCE CONSULTING LLC, RYKO ENTERPRISES LLC, SRINIVAS BOLLA, SRINIVAS H. BHOPAL, AND LAKSHMISUJATHA VAKALAPUDI,<br><br>               Defendants. | Case No.:  1:24-cv-10105 (JCB)<br><br>Hon. Jennifer C. Boal |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFF SHANMUGAM BALASUBRAMANIAM'S MOTION TO COMPEL
<u>DOCUMENT PRODUCTION AND FOR FRCP 16 AND 37 SANCTIONS</u>**

**THOMPSON HINE LLP**
Karim Sabbidine
John Allerding (*pro hac vice*)
300 Madison Avenue, 27th Floor
New York, New York 10017-4611
Telephone:     212.908.3944
Fax:               212.344.6101

*Attorneys for Plaintiff
Shanmugam Balasubramaniam*

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AngioDynamics, Inc. v. Biolitec AG*,
  991 F. Supp. 2d 283 (D. Mass. 2014) ........................................................................................9

*Cook v. McLaughlin*,
  917 F. Supp. 79 (D. Mass. 1996) ................................................................................................3

*Nansamba v. North Shore Med. Ctr., Inc.*,
  727 F.3d 33 (1st Cir. 2013) ........................................................................................................8

*Novi Footwear Int'l Co. Ltd. v. Earth Opco LLC*,
  740 F. Supp. 3d 73 (D. Mass. 2024) ..........................................................................................5

*Rivera-Aponte v. Gomez Bus Line, Inc.*,
  62 F.4th 1 (1st Cir. 2023) ...........................................................................................................9

*Stormo v. State Nat'l Ins. Co.*,
  2022 U.S. Dist. LEXIS 243905 (D. Mass. Jun. 10, 2022) ................................................7, 8, 9

*Vallejo v. Santini-Padilla*,
  607 F.3d 1 (1st Cir. 2010) ...................................................................................................10, 12

**Other Authorities**

Fed. R. Civ. P. 16 ..................................................................................................................1, 2, 10

Fed. R. Civ. P. 16(f) .........................................................................................................10, 11, 12, 13

Fed. R. Civ. P. 37 ................................................................................................................. *passim*

Justin Smith, *The Comprehensive Guide to Bates Numbering* ......................................................12

Local Rule 7.1 ........................................................................................................................1, 3, 5

## TABLE OF CONTENTS

                                                                                                                       **Page**

PRELIMINARY STATEMENT .................................................................................................. 1

Factual background ........................................................................................................................ 1

        A.       Defendants Provide Another Round of Discovery on March 14, 2025. ................. 2

        B.       Defendants' E-Discovery "Expert" Fails to Prove Any Competency in E-Discovery for U.S. Litigation. .................................................................................. 2

LAW AND ARGUMENT ............................................................................................................. 3

        A.       Defendants' Opposition Is Untimely, and Therefore Should Be Considered Unopposed and Stricken. ......................................................................................... 3

        B.       The Bolla Affidavit Misrepresents the Completeness of Defendants' Piecemeal Production and Obfuscates Key Facts and Dates. ............................... 4

        C.       Delayed Compliance with their Document Production Obligations Does Not Shield Defendants From Sanctions Liability. .................................................. 4

        D.       Plaintiff Is Prejudiced by Defendants' Dilatory and Contumacious Conduct. .................................................................................................................. 8

        E.       The Sanctions Sought by Plaintiff under Fed. R. Civ. P. 16(f) and 37(b)(2) Are Just and Proper. ............................................................................................... 10

        F.       Plaintiff's Objection to Defendants' Mishandling of Bates Numbering Is Not Frivolous. ......................................................................................................... 12

CONCLUSION ............................................................................................................................. 12

**PRELIMINARY STATEMENT**

After ten grueling months since Plaintiff[1] issued his Requests for Production on May 15, 2024, Defendants finally produced what Plaintiff believes is a full production with the required metadata on March 14, 2025. Not only was this production a month and one week *later* than the February 7, 2025 due date set by this Court in the Second Amended Scheduling Order dated January 8, 2025 (ECF No. 48), it was also served two weeks and three days *after* Plaintiff filed his Motion to Compel Document Production and for Fed. R. Civ. P. 16 and 37 Sanctions (ECF No. 55) (the "instant Motion"). In keeping with the general theme of willfully dilatory and contumacious misconduct by Defendants, as has been shown by their flouting various discovery obligations and court orders during the past ten months, on March 28, 2025 – one month and two days after the Opening Brief was filed – Defendants filed their Response to Motion to Compel and for Sanctions (the "Opposition") (ECF No. 59), thereby violating Local Rule 7.1. Enough is enough. This Court should strike Defendants' Opposition and grant the sanctions sought by Plaintiff pursuant to Fed. R. Civ. P. 16 and 37.

**FACTUAL BACKGROUND**

In the interest of brevity, Plaintiff incorporates the Statement of Facts provided in his moving papers (*see* Opening Brief at 3 – 15), but will take the opportunity to update this Court as to the status of discovery *after* the filing of this Motion and to correct a number of factual misrepresentations provided by Defendants.

---

[1] Unless otherwise defined, capitalized terms shall have the meanings set forth in Plaintiff's Memorandum of Law in support of his Motion to Compel Document Production and for FRCP 16 and 37 Sanctions (the "Opening Brief"). (ECF No. 55).

1

A.      **Defendants Provide Another Round of Discovery on March 14, 2025.**

After filing the instant Motion on February 26, 2025, Plaintiff's counsel received another round of production from Defendants on March 14, 2025. *See* Reply Declaration of Karim Sabbidine in Support of Plaintiff Shanmugam Balasubramaniam's Motion to Compel Document Production and for Fed. R. Civ. P. 16 and 37 Sanctions ("Sabbidine Reply Decl.") at ¶¶ 3 – 4; Ex. 1. This production was served on Plaintiff ten days before the end of fact discovery set by this Court in the Second Amended Scheduling Order. ECF No. 48. Plaintiff's counsel emailed Defendants' counsel inquiring as to whether the March 14, 2025 production was a supplemental production or a replacement production. *See* Ex. 1. Defendants' counsel represented that it was, in fact, a replacement production. *See id.*

B.      **Defendants' E-Discovery "Expert" Fails to Prove Any Competency in E-Discovery for U.S. Litigation.**

Defendants have proffered an Affidavit of Krishna Pichara ("Pichara Aff.") (ECF No. 59-2), who they style as an e-discovery "expert." *See generally id*. At no point in the Pichara Affidavit does Mr. Pichara state any experience with e-discovery in federal litigation or that he has led—or has even been staffed on—a document production project in United States federal litigation. Instead, Mr. Pichara provides a word salad equating to a quasi-resume of competencies in the Microsoft 365 suite. Mr. Pichara states on multiple occasions that his experience is in "compliance." *See id.* at ¶¶ 2 – 7. He states that his "technical guidance has been focused on executing legally defensible searches," without providing any more information. *Id.* at ¶ 7. He states that his role in this action "aligns with [his] expertise in compliance-driven data . . . ensuring that all document retrievals . . . meet regulatory and legal standards," without saying what, in fact, those standards are. *Id.* at ¶ 6. Moreover, he states that he was "engaged by Source Consulting on a freelance basis" to "provide technical guidance" for "legal hold requirements . . . legal holds to

2

preserve documents . . . data exports . . . and compliance-driven document productions." *Id.* at ¶ 8. Neither Defendants nor Mr. Pichara care to mention the exact date that Mr. Pichara was even retained by Source.

It was unclear to Plaintiff upon filing the instant Motion that Mr. Pichara had any competency in e-discovery for United States federal litigation. The Pichara Affidavit only raises more questions, but suggests that he does not have any capabilities in e-discovery matters for federal litigation.

## LAW AND ARGUMENT

**A.  Defendants' Opposition Is Untimely, and Therefore Should Be Considered Unopposed and Stricken.**

Local Rule 7.1(b)(2) requires that "[a] party opposing a motion shall file an opposition within 14 days after the motion is served, unless . . . another period is fixed by rule or statute, or by order of the court." L.R. 7.1(b)(2); *see also Cook v. McLaughlin*, 917 F. Supp. 79, 81 (D. Mass. 1996) ("Local Rule 7.1(B)(2) requires a party to file its opposition to a motion within 14 days after service of the motion . . . ."). When a party fails to file a timely opposition, a court may consider the motion unopposed or strike the opposition. *See Cook*, 917 F. Supp. at 81 (untimely opposition filed in violation of the fourteen-day deadline under L.R. 7.1(b) was stricken). Striking a party's untimely opposition is further justified by that party's failure to seek an extension or provide a valid excuse for its delay. *Id.* at 81 (in striking the untimely opposition, the court noted that "plaintiff neither requested permission from this Court for an extension of time in which to file his Opposition nor proffered an explanation for the tardiness of his filing.").

Pursuant to L.R. 7.1(b)(2), Defendants' opposition was due on March 12, 2025. Defendants filed their Opposition on March 28, 2025. ECF No. 59. It is beyond dispute that the Opposition is untimely. Defendants not only fail to provide a valid excuse or explanation for the

untimeliness of their Opposition, but they fail to address the matter altogether. Defendants' failure to comply with the Opposition deadline set by the Local Rules is merely the latest in a litany of willful and knowing failures to comply with various due dates and deadlines set in document demands and orders from this Court. Given the above, the Court should strike the untimely Opposition.

B. **The Bolla Affidavit Misrepresents the Completeness of Defendants' Piecemeal Production and Obfuscates Key Facts and Dates.**

The Affidavit of Srinivas Bolla on behalf of Source Consulting LLC ("Bolla Affidavit") (ECF No. 59-1) states that Defendants' first attempt at production was sent on November 30, 2024. *See id.* at ¶ 3. For starters, this was not Defendants' first attempted production, but rather its *second*—the first one being September 13, 2024 and palpably improper for a number of reasons. Opening Brief at 6-7. There was no production on November 30, 2024—rather, the second round of production (which was also palpably improper) was sent on December 1, 2024. *See id.* at 9.

The Bolla Affidavit states that Defendants met the February 7, 2025 production deadline set by the Court in the Second Amended Scheduling Order by serving production on February 6 – 7, 2025. Bolla Aff. at ¶ 11. Defendants fail to mention that their production on February 6, 2025 only provided eight documents, in addition to being palpably improper for a number of other reasons. *See* Opening Brief at 11 – 12. Moreover, Defendants omit any mention of their untimely March 14, 2025 production, or of the untimely and insufficient productions on February 17 and 21, 2025.

C. **Delayed Compliance with their Document Production Obligations Does Not Shield Defendants From Sanctions Liability.**

As stated above, the Opposition is riddled with misrepresentations as to the timeline of Defendants attempted "productions" and the insufficiencies of those "productions" prior to Plaintiff's filing of the instant Motion. Central to Plaintiff bringing this Motion in the first place

4

was the absolute lack of verifiably intact and reliable metadata (if any had been provided at all). This lack of proper metadata was the result of Defendants' incomplete, piecemeal productions that failed to produce *any* documents in .TIFF and load file format. *See* Opening Brief at 2 – 13 (providing a more fulsome explanation of the metadata issues).

Plaintiff now believes that Defendants have complied with their discovery obligations and have, for the most part, produced all relevant documents with intact metadata. However, Defendants are still liable for sanctions due to the fact that the production was untimely *and* completed *after* Plaintiff had filed his instant Motion. *See Novi Footwear Int'l Co. Ltd. v. Earth Opco LLC*, 740 F. Supp. 3d 73, 79 (D. Mass. 2024) (granting sanctions under Rule 37(a), even though "[b]elatedly, and perhaps still incompletely, the defendants provided the requested discovery after the plaintiff filed the second motion to compel.").

Defendants state that compliant document production was served on Plaintiff's counsel first on November 30, 2024, and then again on February 6 and 7, 2025.[2] *See* Bolla Aff. at ¶¶ 3, 11. This is a demonstrable misrepresentation of fact. Defendants served Plaintiff's counsel with a final round of production on *March 14, 2025*,[3] which Defendants' counsel represented was a "replacement" production. *See* Sabbidine Reply Decl.; Ex. 1. Although it is unclear why the March 14, 2025 production differs slightly from the previous rounds, as it is allegedly a "replacement production," Plaintiff, upon review, believes this round of production contains the proper, intact metadata.

Fed. R. Civ. P. 37 is crystal clear with regard to fee-shifting sanctions arising out of a motion to compel:

---

[2] Notwithstanding the palpable impropriety of Defendants' initial attempt at disclosure on November 30, 2024, it was still provided *over six months after Plaintiff's May 15, 2024 Requests for Production had been served*.

[3] As Plaintiff's instant Motion was filed on February 26, 2025, March 14, 2025 was two days *after Defendants' Opposition was due* pursuant to L.R. 7.1(b)(2).

5

> **If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed**—the court **must**, after giving an opportunity to be heard, **require the party** or deponent **whose conduct necessitated the motion**, **the party or attorney** advising that conduct, **or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees**. But the court must not order this payment if:
>
> (i)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphases added). None of the exceptions laid out in Fed. R. Civ. P. 37(a)(5)(A)(i) – (iii) are applicable here.

As is made evident by the record in Plaintiff's moving papers, Plaintiff's counsel went above and beyond in its attempts to obtain disclosure from Defendants in good faith. These efforts were fruitless, and at the time of filing the instant Motion, *nine* months had elapsed from Defendants having been served with Requests for Production on May 15, 2024. There is, therefore, no valid defense under Fed. R. Civ. P. 37(a)(5)(A)(i). As for Fed. R. Civ. P. 37(a)(5)(A)(ii) - (iii), the crux of any relevant defense in the Opposition is as follows:

> The Defendants have no knowledge of the intricacies of e-discovery and metadata. All of this is a world unfamiliar to them. They do not have the resources of a multi-hundred member law firm, whose choice on how to expend their vast resources is theirs and their client's – not something Defendants need to pay for. They have acted in good faith to the best of their ability and financial resources. Counsel will also freely admit that e-discovery and metadata production is not within his normal experience or expertise.

Opposition ¶ 2. While Defendants try to paint themselves in a sympathetic light, the record demonstrates a much different reality.

First, Source and rYKo are IT companies. ASA, the company whose acquisition is at the center of this litigation, is also an IT company. Source has about fifty employees, rYKo has about three employees and two contractors, and ASA has at least twenty-eight employees. The notion

6

that there is not one person over the constellation of Defendants' three IT companies that maintains any knowledge of metadata strains credulity. Assuming, *arguendo*, that this is in fact the case, it still would not matter. Defendants have been given ample time to comply with their production obligations—a fact of which was acknowledged by this Court. *See* January 8, 2025 Status Conference Transcript ("Jan. 8, 2025 Tr.") (ECF No. 56-14) at 4:18 – 5:2.

The "intricacies of e-discovery and metadata" could have been easily addressed by Defendants' timely retention of an e-discovery vendor. The Opposition states that it retained Krishna Pichara as a purported "eDiscovery expert," (Bolla Aff. at ¶ 3) but at no time provides a date certain by which Mr. Pichara was retained. Notwithstanding the fact that the Pichara Affidavit demonstrates that he likely does *not* have any e-discovery competencies with regard to federal litigation, it is clear is that Mr. Pichara was retained *after* depositions occurred in December of 2024, and potentially after the January 8, 2025 Status Conference with the Court. *See* Jan. 8, 2025 Tr. at 4:18 – 5:2. It is also clear that this Court found that the unjustifiable delay was of Defendants' own making, and that additional costs that would be incurred by Defendants were no excuse for further delay. "I'm not prepared to give the defendants 60 days now to complete discovery. They're only going to get 30 days. If it costs them more, then that's your fault for not starting earlier than this on a very important part of the discovery." *Id.*

This stance is also consistent with this Court's holding in *Stormo v. State Nat'l Ins. Co.*, 2022 U.S. Dist. LEXIS 243905 (D. Mass. Jun. 10, 2022), which is instructive for the circumstances present in the instant Motion. In *Stormo*, this Court found that late expert disclosure was not substantially justified due to the fact that, after setting a May 19, 2022, deadline for expert discovery, "Defendant apparently did not begin communicating with potential expert witnesses until mid-March," and ultimately granted sanctions. 2022 U.S. Dist. LEXIS 243905 at *11. The

spread of time from expert retention in mid-March to a mid-May discovery due date in *Stormo* is nearly an identical to the date range here, where Defendants had not retained an e-discovery vendor at the mid-December 2024 depositions and ultimately violated the February 6, 2025 deadline set by this Court. Moreover, Defendants' counsel's representation that e-discovery and metadata are outside of the purview of his normal practice is similarly unavailing. Opposition at ¶ 2. As the Court admonished Defendants' counsel in the January 8, 2025 hearing when counsel tried to use his lack of familiarity with metadata and e-discovery as an excuse for Defendants' failure to properly produce discovery: "Well, Mr. Callahan, you took on this case. It's part of this case. It needs to be turned over." Jan. 8, 2025 Tr. at 9:24 – 25. Defendants' counsel's lack of familiarity with metadata or e-discovery generally is not a valid excuse for the many delays and violations of scheduling orders, and it cannot be used as a shield against sanctions by Defendants. "Attorneys act for their clients, and the neglect of an attorney acting within the scope of his or her authority is attributable to the client." *Nansamba v. North Shore Med. Ctr., Inc.*, 727 F.3d 33, 38 (1st Cir. 2013).

There is no substantial justification for Defendants' violation of the February 7, 2025 due date, or any of the other discovery due dates for that matter. Defendants cannot evade sanctions under Fed. R. Civ. P. 37(a)(5)(A).

**D.      Plaintiff Is Prejudiced by Defendants' Dilatory and Contumacious Conduct.**

Defendants' state that the basis for Plaintiff's instant Motion "is a sideshow, especially where there is no demonstrable prejudice." Opposition at p. 2. Notably, Fed. R. Civ. P. 37(a)(5)(A) does not itself require a showing of prejudice. Nonetheless, Defendants' statement is not only conclusory nonsense, but it is unmoored from factual reality and is contrary to the case law of the District of Massachusetts.

8

In *Stormo*, this Court held that Plaintiff was sufficiently prejudiced by increased costs and delayed case resolution to justify sanctions. 2022 U.S. Dist. LEXIS 243905 at *10 – 11 ("If the Court were to permit defendant's request for an extension of expert discovery, that would inevitably lead to increased costs and a delayed resolution of this case. Those delays will not only prejudice plaintiff, but burden the Court's docket."). This Court has also held that multiple instances of a litigant violating discovery obligations compounded with the pendency of dispositive motion practice undoubtedly constitutes prejudice:

> [T]he prejudice to Plaintiff is compounded when viewed in conjunction with Defendants' other discovery violations. . . . Defendants' flouting of its discovery obligations is compounded by the pendency of Defendants' Motion for Summary Judgment . . . [i]t simply cannot be argued that Defendants' failure to produce discovery has had anything but a devastatingly prejudicial impact on Plaintiff.

*AngioDynamics, Inc. v. Biolitec AG*, 991 F. Supp. 2d 283, 294 (D. Mass. 2014). Additionally, while Defendants focus narrowly on prejudice to Plaintiff, they disregard prejudice to this Court. "Even when there is no prejudice to a party, disregarding court-imposed deadlines works 'prejudice to the court itself, which has a strong institutional interest in ensuring that litigants honor court orders so that it may efficiently administer its docket." *Rivera-Aponte v. Gomez Bus Line, Inc.*, 62 F.4th 1, 9 (1st Cir. 2023) (quoting *U.S. v. 2008 33' Contender Model Tournament Vessel*, 990 F.3d 725, 727 (1st Cir. 2021)) (internal quotations omitted).

Prejudice to Plaintiff is apparent from the record. Each of the Defendants' depositions were left open due to the fact that document production had not been completed. *See* ECF No. 46 at 3. The Court's Second Amended Scheduling Order of January 8, 2025 set the fact discovery deadline to **March 24, 2025—four days before Defendants filed their Opposition on March 28, 2025 and ten days after serving their most recent round of production on March 14, 2025.** *See* Second Amended Scheduling Order (ECF No. 48). Defendants' conduct effectively allowed

9

Plaintiff a mere ten days to review the new tranche of production and call for additional depositions if necessary—a practical impossibility. Importantly, this Court also set the Dispositive Motion Practice deadline for **April 23, 2025.** *See id.* By choosing to comply with their production obligations on March 14, 2025 instead of February 7, 2025, Defendants have divested Plaintiff from one month and one week of the time allotted to him to prepare a motion for summary judgment with the benefit of all of compliant documents.

The notion that Plaintiff is not prejudiced by Defendants' willfully dilatory and contumacious conduct is completely unfounded, and cannot be relied upon as a valid defense.

**E.      The Sanctions Sought by Plaintiff under Fed. R. Civ. P. 16(f) and 37(b)(2) Are Just and Proper.**

In addition to attorney's fees related to the instant Motion under Fed. R. Civ. P. 37(a), Plaintiff also seeks to recuperate attorneys' fees, costs, and expenses associated with Defendants' violations of various court scheduling and case management orders pursuant to Fed. R. Civ. P. 16(f)(2). *See* Opening Brief 16 – 19. As argued in Plaintiff's moving papers, Fed. R. Civ. P. 16(f) incorporates sanctions enumerated by Fed. R. Civ. P. 37(b)(2)(A)(i) – (vii). *Id.* Both Rule 16(f) and Rule 37(b) require that orders granting sanctions be "just." *Id.* at 17. "Given the array of litigation misconduct faced by district courts, our review of a court's choice of a particular sanction must necessarily be handled on a case-by-case basis." *Vallejo v. Santini-Padilla*, 607 F.3d 1, 8 (1st Cir. 2010) (cleaned up). Courts will consider the following substantive factors in analyzing whether a sanction under Rule 16(f) or 37(b) is "just": "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." *Id.* (citation omitted).

10

As Plaintiff has exhaustively shown over the course of the instant Motion, Defendants' multiple violations of scheduling orders and discovery demand due dates are incredibly severe. Plaintiff issued Requests for Production on May 15, 2024. It took Defendants a full ten months—until March 14, 2025—to comply with their discovery obligations, in which time they have blown nearly every scheduling order, necessitating this instant Motion. As has been demonstrated exhaustively, there are no legitimate excuses available to Defendants or any valid mitigating factors. The violations of various scheduling orders and discovery demand due dates are legion. Prejudice to Plaintiff and to this Court in the waste of judicial resources has been demonstrated and is evident. That leaves only the factor of potential lesser sanctions in question.

The sanction sought by Plaintiff under Rule 16(f) are attorney's fees and costs. "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule. . . ." Fed. R. Civ. P. 16(f)(2). The laundry list of potential sanctions under Fed. R. Civ. P. 37(b)(2)(A)(i) – (vii) is as follows:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i) – (vii). Every single one of these sanctions except for subsection (iv) is more severe than granting fees and costs under Fed. R. Civ. P. 16(f)(2), as they would effectively grant Plaintiff an immediate victory in this matter or place a thumb on the scale of this

litigation in favor of Plaintiff. A valid sanction is not available under subsection (iv), as Defendants have now complied with their discovery obligations *after* violating the Second Amended Scheduling Order and *after* Plaintiff filed this instant Motion.

In analyzing the *Vallejo* factors, a grant of attorneys' fees, costs, and expenses associated with Defendants' violations of various court scheduling orders pursuant to Fed. R. Civ. P. 16(f)(2) is not only "just," but it is also the most lenient sanction available to this Court at this juncture.

### F. Plaintiff's Objection to Defendants' Mishandling of Bates Numbering Is Not Frivolous.

The Bolla Affidavit styles Plaintiff's frustration with Defendants' mishandling of Bates numbering as "a frivolous complaint." *See* Bolla Aff. at ¶ 7. This is inaccurate. Defendants have provided seven waves of production, with all but the last one made on March 14, 2025 being improper for a number of reasons. Some of the early productions on September 13, 2024 and December 1, 2024 did not contain Bates[4] numbers, meaning that Plaintiff was unable to keep track of what was produced. *See* Sabbidine Reply Decl. at ¶¶ 6(a) – (f). Then, upon Plaintiff demanding that Defendants' document production be properly Bates numbered, Defendants proceeded to serve multiple productions with different Bates prefixes (using both "BATES" and "SOURCE"). *See id.* Plaintiff's review of the productions demonstrated that some of the same documents in different productions were assigned different Bates numbers with different Bates prefixes. It is not, and was not, a frivolous issue.

### CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court strike Defendants' Opposition and enter: (i) an award to Plaintiff of his attorneys' fees, costs, and expenses associated

---

[4] Bates numbering has been in existence since the patenting of the Bates Stamp in 1891, and has been a veritable staple in the legal industry for nearly a century and a half. *See* Justin Smith, *The Comprehensive Guide to Bates Numbering*, Everlaw (Jan. 19, 2024).

12

with his Motion to Compel production of the above-referenced documents and for sanctions, related briefing, including replying to any opposition filed by Defendants, and attendance and travel for any oral argument that may be held on the instant Motion, all pursuant to Fed. R. Civ. P. 37(a); (ii) an award to Plaintiff of his attorneys' fees, costs, and expenses associated with Defendants' violations of various court scheduling orders pursuant to Fed. R. Civ. P. 16(f)(2), including, but not limited to, the instant Motion, all costs and fees to date associated with Plaintiff's attempts to induce Defendants' production (or failure to produce), any and all costs or expenses associated with additional depositions, and any and all future costs or expenses associated with any further efforts to induce Defendants' compliance with any of the orders or sanctions issued by this Court pursuant to this Motion; (iii) a formal representation detailing the method of Defendants' search(es) of any and all documents that have been produced to date; and (iv) any additional sanctions or other relief that the Court deems appropriate, just, and proper.

Dated: April 4, 2024
    New York, New York

               Respectfully submitted,

                */s/Karim Sabbidine*
                Karim Sabbidine
                John Allerding (*pro hac vice*)
                300 Madison Avenue, 27th Floor
                New York, New York 10017-4611
                Telephone: 212.908.3944
                Fax: 212.344.6101

                *Attorneys for Plaintiff*
                *Shanmugam Balasubramaniam*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025 a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. A true and correct copy of the foregoing documents was served this day on all counsel of record via electronic transmission by the Court's CM/ECF system and by email.

*/s/Karim Sabbidine*
Karim Sabbidine