UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                       )
SHANMUGAM BALASUBRAMANIAM,             )
                                       )
                Plaintiff,             )
                                       )   Civil Action No. 24-10105-JCB
v.                                     )
                                       )
SOURCE CONSULTING, LLC, et al.,        )
                                       )
                Defendants.            )
_____ )
```

ORDER ON MOTION TO COMPEL AND FOR SANCTIONS
[Docket No. 55]

April 16, 2025

Boal, M.J.

Plaintiff Shanmugam Balasubramaniam has filed a motion to compel and for sanctions pursuant to Rules 16 and 37 of the Federal Rules of Civil Procedure. Docket No. 55. Since the filing of the motion, however, defendants have made a further production of documents. While plaintiff believes that defendants have now complied with their discovery obligations for the most part,[1] he nevertheless seeks sanctions. See Docket No. 60. For the following reasons, this Court grants in part the motion.

I.       RELEVANT BACKGROUND

On May 15, 2024, plaintiff served requests for production of documents ("RFPs") on defendants. Docket No. 57 at 4.[2] Defendants failed to serve timely responses and, on June 27,

---

[1] At the April 16, 2025 hearing, plaintiff's counsel stated that, upon further review of the document production, he believes that defendants have still failed to produce relevant and responsive documents. However, plaintiff is not pressing that part of the motion to compel.

[2] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket. They reference the docket number assigned by CM/ECF, and include pincites to the page

1

2024, plaintiff's counsel emailed their counsel to inquire when they could expect to receive responses to plaintiff's RFPs. Id. at 8. Defendants' counsel responded, requesting an unspecified extension, which plaintiff's counsel granted. Id. Defendants subsequently requested and received several more extensions of the deadlines to serve responses to plaintiff's RFPs. See id. at 8-9.

On September 13, 2024, defendants made their first production of documents. Id. at 9. The production consisted of only nineteen documents. Id. at 10. Plaintiff's counsel raised several issues with the production in an October 29, 2024, letter. Id. at 11. The parties subsequently conferred. Id.

On December 1, 2024, defendants made a second document production, comprising of 714 documents. Id. at 12. Plaintiff again raised a number of deficiencies with respect to the production. Id. Nevertheless, plaintiff agreed to go ahead with depositions of defendants in order to comply with the scheduling order deadlines. Id. At the deposition of defendant Srinivas Bolla, it became apparent that defendants had failed to produce several responsive documents. Id. at 13.

It appears that defendants' failure to make a complete production of documents was due, at least in part, to their and their counsel's lack of experience with electronic discovery. See generally Docket No. 59. Despite their lack of expertise, defendants did not retain an electronic discovery vendor until after the depositions had taken place. See Docket No. 57 at 13. At the January 8, 2025 status conference, this Court admonished defendants for their failure to timely produce responsive documents, the severe delay in the case, and their failure to obtain an

---

numbers appearing in the top right corner of each page within the header appended by CM/ECF.

electronic discovery vendor.  See id.  Following the conference, this Court issued an amended scheduling order, ordering defendants to complete their document production by February 7, 2025, granting plaintiff until March 24, 2025 to review the defendants' production and complete depositions of defendants, if necessary, and setting March 24, 2025 as the deadline for close of discovery.  Docket No. 48.  This Court stressed that no further extensions would be granted absent extraordinary circumstances.  Id. at 1.[3]

On February 6, 2025, defendant Bolla provided plaintiff's counsel directly with a share file link containing eight separate documents.  Docket No. 57 at 14.  Defendants' counsel then requested a 10-day extension of the deadline for completing the defendants' document production, which plaintiff's counsel declined.  Id. at 14-15.  In the following days, plaintiff's counsel received several partial productions and emails from defendants, which he has described as "increasingly bizarre."  Id. at 15.  Among other issues, the format in which the documents were produced was "incomprehensible" and it would have required significant work for plaintiff's counsel to be able to use the documents.  Id.

On February 10, 2025, plaintiff's counsel was copied on an email chain between Bolla and defendants' counsel, stating that defendants were having technological issues in completing their document production.  Id. at 15-16.  Over the next few days, Plaintiff's counsel and his internal discovery team attempted to work with defendants, their counsel, and their electronic discovery consultant to resolve defendants' technological issues.  Id. at 16-17.  That process eventually devolved and resulted in a threatening email from Bolla to plaintiff's counsel.  Id. at 17.

---

[3] This Court had already extended the scheduling order deadlines twice.  See Docket Nos. 38, 41.

On February 20, 2025, plaintiff's counsel received another production of documents from defendants, which again appeared to be deficient. Id. at 18. On February 26, 2025, plaintiff filed the instant motion. On March 14, 2025, defendants finally made a full production after the deadline for completing their production of documents. Docket No. 60 at 4.[4] On March 28, 2025, more than two weeks after the deadline for doing so, defendants filed a response to plaintiff's motion to compel and for sanctions. Docket No. 59. Defendants do not dispute the plaintiff's version of events. They simply blame the delays on their and their counsel's lack of experience with electronic discovery. Id. at 1. They also argue that "[t]his production issue, respectfully, is a sideshow, especially where there is no demonstrable prejudice." Id. at 2.

This Court heard oral argument on April 16, 2025.

II.     DISCUSSION

Pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, if a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed," the court must award the moving party's "reasonable expenses incurred in making the motion, including attorney's fees" unless:

> (i)     the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii)   other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). In addition, Rule 16 gives district courts great discretion to issue sanctions where a party fails to comply with case-management deadlines. Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 78 n.2 (1st Cir. 2009).

---

[4] Defendants' counsel represented that this was a replacement production. Docket No. 60 at 5.

4

As is evident from the procedural history of this case set forth above, plaintiff's counsel went above and beyond in his attempts to obtain discovery from the defendants in good faith. Those efforts proved fruitless and it was not until after the motion was filed (and after months of delay) that defendants finally completed their document production. None of the exceptions laid out in Rule 37(a)(5)(A)(i)-(iii) apply here. In addition, defendants failed to comply with the February 7, 2025 deadline to complete their document production set by this Court's January 8, 2025 amended scheduling order.

Defendants blame their delayed production on their and their counsel's lack of experience with electronic discovery. Docket No. 59 at 1. That is no excuse. Defendants' counsel had a duty to counsel his clients about their discovery obligations. "[A]ttorneys who lack experience in electronic discovery practice do not get a free pass to avoid complying with their obligations." Waskul v. Washtenaw Cnty. Cmty. Mental Health, 569 F.Supp.3d 626, 635 (E.D. Mich. 2021). "If attorneys are not competent in these areas, they have an ethical duty to become competent, associate themselves with attorneys who are, or to decline the representation." Id. (citation omitted). Here, defendants did not even engage an electronic discovery consultant until December 2024, after depositions had already taken place, and many months after the RFPs were served. Even after such a consultant was retained, however, defendants continued to have issues complying with their discovery obligations. Ultimately, their document production was finalized over a month after the final deadline for doing so.

In addition, contrary to defendants' suggestion, plaintiff and this Court have been prejudiced by defendants' failure to timely produce documents. Defendants' actions necessitated multiple extensions of the scheduling order deadlines and plaintiff was forced to take defendants' depositions without the benefit of a full document production. Defendants' conduct also

5

deprived the plaintiff of over a month of time to review the document production prior to the deadline for filing dispositive motions.[5]  In addition, defendants' actions likely caused increased costs for plaintiff.

For all of these reasons, sanctions are appropriate.  This Court awards plaintiff his attorney's fees and expenses associated with the filing of this motion, including costs for traveling to, and attending, the hearing on this matter.  This Court also awards plaintiff his attorney's fees incurred in connection with reviewing defendants' document productions made between February 6, 2025 and March 14, 2025.  Within two weeks, plaintiff shall file a request for costs and attorney's fees supported by appropriate documentation.  Defendants may file a response within two weeks thereafter.

III.    ORDER

For the foregoing reasons, this Court grants in part plaintiff's motion for sanctions.

          /s/  Jennifer C. Boal
          JENNIFER C. BOAL
          UNITED STATES MAGISTRATE JUDGE

---

[5] At the hearing, plaintiff requested a two-week extension of the deadline for filing dispositive motions.  That request is granted.  Plaintiff shall file any dispositive motions by May 7, 2025.  However, defendants' dispositive motions, if any, shall be filed by the original April 23, 2025 deadline for filing dispositive motions.  The parties are reminded of their obligation to comply with this Session's Standing Order Re: Briefing of Summary Judgment Motions.