UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SHANMUGAM BALASUBRAMANIAM, ) )<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOURCE CONSULTING, LLC, et al., )<br>)<br>Defendants. )<br>) | )<br>)<br>)<br>) Civil Action No. 24-10105-JCB<br>)<br>)<br>)<br>)<br>) |

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
[Docket No. 69]

November 18, 2025

Boal, M.J.

On April 16, 2025, this Court granted plaintiff Shanmugam Balasubramanian's motion for sanctions. Docket No. 65.[1] It awarded plaintiff his attorneys' fees and expenses associated with the filing of the motion to compel and for sanctions, including costs for traveling to, and attending, the hearing on the motion. Id. at 6. It also awarded plaintiff his attorneys' fees incurred in connection with reviewing defendants' document productions made between February 6, 2025 and March 14, 2025. Id. Balasubramanian has filed an application for such

---

[1] This Court assumes familiarity with its previous order that imposed monetary sanctions. The only remaining issue before this Court in conjunction with that decision is the amount of the sanctions which is addressed herein.

1

fees and expenses, totaling $86,552.65.[2]  See Docket Nos. 69, 84.[3]  For the following reasons, this Court orders defendants to pay $48,737.15 to Balasubramanian.

I.      Standard Of Review

The First Circuit has summarized the principles applicable to the determination of a reasonable attorney's fee award:

> When fashioning a fee award, the district court ordinarily starts by constructing what has come to be known as the lodestar. In general, the lodestar is the product of the number of hours appropriately worked times a reasonable hourly rate or rates. The party seeking the award has the burden of producing materials that support the request. These materials should include counsel's contemporaneous time and billing records, suitably detailed, and information anent the law firm's standard billing rates. The putative payor may submit countervailing evidence. The court, usually after hearing arguments, will then calculate the time counsel spent on the case, subtract duplicative, unproductive, or excessive hours, and apply prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved).

Hutchinson ex rel. v. Patrick, 636 F.3d 1, 13 (1st Cir. 2011) (internal citations and quotation marks omitted).

II.     The Rates Charged Are Reasonable

The first step in calculating the lodestar amount involves determining the reasonable hourly rate.  The reasonable hourly rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Norkunas v. HPT Cambridge, LLC, 969 F. Supp.2d 184, 197 (D. Mass. 2013) (citation omitted).  "The fee-

---

[2] Balasubramanian's original application sought fees and expenses in the amount of $78,449.65. After he filed a reply in support of his application, he sought additional fees in the amount of $8,103.00 incurred in preparing the reply memorandum and supporting papers.  See Docket No. 84 at 16.

[3] On January 30, 2024, the parties consented to the jurisdiction of a magistrate judge for all purposes.  Docket No. 11.

seeker must carry the burden of establishing the prevailing hourly rate (or schedule of rates) in the community for the performance of similar legal services by comparably credentialled counsel." Hutchinson, 636 F.3d at 16 (citations omitted).

Balasubramanian seeks compensation for work performed by one partner, four associates, and two paralegals. Specifically, Balasubramanian seeks the following attorney and paralegal hourly rates:

| **Attorney/Paralegal Name** | **Hourly Rate Sought** |
|---|---|
| John C. Allerding<br>*Partner* (> 14 years of experience) | $615.00 |
| Karim Sabbidine<br>*Senior Managing Associate* (8 years of experience) | $515.00 |
| Anthony J. Carl<br>*Managing Associate* (5 years of experience) | $415.00 |
| Polina Pittell<br>*Associate* | $325.00 |
| Ryan Patton<br>*Senior Discovery Associate* (19 years of experience) | $225.00 |
| Dwayne A. Lunde<br>*Paralegal* | $325.00 |
| Aisha H. Mian<br>*Paralegal* | $325.00 |

Docket No. 72 at 8. Except for Attorney Patton, the rates sought represent a discount from the firm's applicable 2023 rates.[4] Docket No. 72 at 8 n.2.[5] These rates are on par with rates charged

---

[4] Thompson Hine LLP agreed to provide Balasubramanian with a discount of its applicable 2023 rates in the prosecution of his claims against the defendants. Docket No. 72 at 8 n.2. Through an inadvertent oversight, Thompson Hine did not adjust those rates on an annual basis as is its standard practice. Nevertheless, it has utilized those discounted 2023 rates in its application for attorney's fees. Id.

[5] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket. They reference the docket number assigned by CM/ECF, and include pincites to the page numbers appearing in the top right corner of each page within the header appended by CM/ECF.

by comparable law firms in the Boston area. For example, in BioPoint, Inc. v. Dickhaut, No. 20-CV-10118-RGS, 2023 WL 4471971, at *1 (D. Mass. Jul. 11, 2023), the court approved a range of rates including $741/hour for a partner with approximately 10 years of experience, $676/hour for an associate with five years of experience, and $495/hour for a law clerk. The rates sought here are lower than the rates approved for attorneys with similar experience in that case. Accordingly, I find that the rates sought by Thompson Hine in this case are reasonable.

III.    Calculation Of Attorney's Fees

"Typically, a court proceeds to compute the lodestar amount by ascertaining the time counsel actually spent on the case and then subtracting from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary." Cruz v. Bos. Litigation Solutions, No. 13-11127-LTS, 2016 WL 11661320, at *2 (D. Mass. Apr. 4, 2016) (quoting Guckenberger v. Bos. Univ., 8 F.Supp.2d 91, 100 (D. Mass. 1998)). The First Circuit does not require courts to set forth an hour-by hour analysis of a fee request. Id. (quotations omitted); see also Perez-Sosa v. Garland, 22 F.4th 312, 321-322 (1st Cir. 2022) (citation omitted) ("Although [the lodestar] method requires arithmetical calculations, we must bear in mind that the district court's task in fashioning a reasonable fee . . . 'is to do rough justice, not to achieve auditing perfection.'"). "Because district judges 'need not, and indeed should not, become green-eyeshade accountants,' they 'may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." Perez-Sosa, 22 F.4th at 322 (citation omitted).

Balasubramanian's attorneys have submitted detailed contemporaneous time records. His attorneys spent 106.9 hours preparing and arguing the sanctions motion; 44.6 hours reviewing, analyzing, and addressing defendants' productions; and 30.3 hours preparing the fee application.

See Docket No. 72 at 11-12. In addition, they spent 17.2 hours on the reply memorandum in support of their fee application. See Docket No. 35-1. After careful review of the time records, I find that the time spent reviewing, analyzing, and addressing defendants' productions is reasonable in light of the issues described in this Court's order on the motion to compel and for sanctions. I find, however, that the time spent in connection with the motion and fee applications, well over 100 hours, is excessive and duplicative. I will therefore reduce those fees by 50%. I also find that the reply memorandum was unnecessary and decline to award any fees incurred in that respect. As such, the amount of total fees awarded is $47,160.50.

IV.   Costs

In addition, Balasubramanian incurred $1,050 in fees charged by his e-discovery vendor to upload and process the defendants' document productions. See Docket No. 70 at 7. He also incurred costs for preparing the sanctions motion and for travel associated with the hearing on the motion in the amount of $526.65. See id. at 8-9. This Court finds such costs reasonable.

V.   Order

For the foregoing reasons, this Court orders defendants to pay Balasubramanian attorney's fees in the amount of $47,160.50 and costs in the amount of $1,576.65 for a total of $48,737.15.

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE